## DISTRICT OF COLUMBIA v. CRANFORD PAVING CO.

(Court of Appeals of District of Columbia. Submitted February 9, 1920. Decided March 7, 1921.)

No. 3423.

1. **District of Columbia ⬥⟾14—Liable for breach of authorized contract for which there was an appropriation.**

The District of Columbia is liable to a contractor for his loss of profits resulting from the District's breach of its contract to employ the contractor for street repairs, where the contract was originally authorized by an act of Congress, and there was an appropriation by Congress sufficient to have covered the work.

2. **District of Columbia ⬥⟾14—Provision for orders by engineer does not authorize refusal of contracted work.**

In a contract whereby the District gave to a contractor the work of repairing its streets, a provision that such work should be done subject to orders from the engineer commissioner does not relieve the District from liability for breach of the contract, though the engineer gave no orders for the work which was done by the District itself, since the provision merely gave the District the right to keep a reasonable control over the work, and was not intended as a door by which it could escape from its obligation.

3. **District of Columbia ⬥⟾14—Breach of street contract for economy is not an exercise of police power.**

Where the District of Columbia chose to do its own street repair work in violation of a contract giving such work to a contractor, on the ground of economy, it cannot avoid liability on the claim that the contract was subject to supervising control of Congress in the exercise of the police power.

4. **District of Columbia ⬥⟾14—Breach of contract for street repair held not directed by Congress.**

An act of Congress authorizing the District to do its own street repair work was not a direction by Congress to the District to violate its contract giving such work to a contractor, so that the District cannot defend an action by the contractor on the ground that Congress can enact a law impairing the obligation of the contract.

5. **District of Columbia ⬥⟾14—Breach of contract during additional year held not waived.**

Where the District had entered into a contract with the company for the latter to do certain street work, including repair work, for two years, with an option to the District to renew the contract for another year, and the District before the end of the two years breached the contract by doing its own repair work, and thereafter exercised its option to extend the contract for the additional year, to which the company replied it would insist on having repair work or damages for not being allowed to do it, the company did not waive its right to damages for loss of profits on the repair work during the extended term by performing the other part of the contract during that term.

Appeal from the Supreme Court of the District of Columbia.

Action by the Cranford Paving Company against the District of Columbia. Judgment for plaintiff, and the District of Columbia appeals. Affirmed.

F. H. Stephens, of Washington, D. C., for appellant.

A. A. Hoehling, Jr., S. C. Peelle, and C. F. R. Ogilby, all of Washington, D. C., for appellee.

⬥⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STAFFORD, Acting Associate Justice. This is a case between the District of Columbia, hereafter referred to as the District, and the Cranford Paving Company, hereafter referred to as the Company. The Company is seeking damages from the District, because the District would not allow it to do certain work by way of repairing streets, from the doing of which it would have derived a profit, and for the doing of which, it is claimed, the District had contracted with the Company.

The District, under authority of Congress, entered into a two-year contract with the Company for the latter to do certain work upon the streets, including repair work; and the contract contained an option to the District to renew it for another year. Before the end of the two years, Congress authorized the District to purchase a portable plant and do its own repairing, if it found it could do so at a saving, and the District bought a plant and did a part of the repairing specified in the contract, against the objection of the Company. After all this, and still before the end of the two years, the District notified the Company that the District availed itself of the option to renew the contract, and ordered the Company to carry on the work for another year. The Company replied that it would do so, but would insist upon having the repair work, or else damages for not being allowed to do it. To this the District made no rejoinder, except to acknowledge receipt of the letter containing the notice and to promise to give it due consideration; but it accepted and approved the Company's bond reciting that the Company had been ordered to go on with the work provided for in the original contract and conditioned for the performance of all such work during the whole of the additional year. The court below had before it the report of the auditor, finding the amount of the profits lost to the Company during the two-year period and also the amount lost during the one-year period, and gave judgment in its favor for both sums. The case is here upon appeal from that judgment.

[1] 1. The District suggests, rather than argues, that "the work, being dependent upon annual appropriations made and to be made by Congress, and upon annual appropriations for repairs to streets, is payable out of a particular fund, within the meaning of that rule of law which precludes a recovery in such a case," and cites cases in which it was held, under leases providing that no rent should be paid until appropriation therefor had been made, that there could be no recovery beyond the amount appropriated. Bradley v. U. S., 98 U. S. 104, 113, 25 L. Ed. 105; Hooe v. U. S., 218 U. S. 322, 31 Sup. Ct. 85, 54 L. Ed. 1055. But we think this case is unlike those. Here the contract was entered into under the authority of Congress and in the manner directed. Moreover, the appropriation by Congress was sufficient to have covered this work.

[2] 2. In much the same way the point is made that as the contract provides that the repair work shall be done subject to orders from the engineer commissioner, and as he never gave any orders for this work, there can be no liability. It is enough to say that the contract gives the Company the right to do this work, and that the contract was broken when, instead of giving it to the Company to do, the Dis-

trict did it itself. The provision referred to merely gave the District a right to point out the work and keep a reasonable control over it. It was a bar for the protection of the District, not a door by which to escape from its obligation. United States v. Purcell Envelope Co., 249 U. S. 313, 39 Sup. Ct. 300, 63 L. Ed. 620.

[3] 3. Somewhat more earnestly it is submitted that the District should be excused from liability on this ground: That such a contract as this is subject to the supervising control of Congress in its exercise of the police power. What the police power has to do with the situation presented here is not perceived. It is merely the case of a contract broken for the sake of economy.

[4] 4. Then it is set up that the breach of the contract was the act of Congress, and therefore that the constitutional question is raised whether Congress might not at its will pass a law impairing the obligation of the contract. But such a question is a long way off. Congress did not direct the District to break its contract. It only authorized it to buy a portable plant and use it in repairing streets, if it found it economical to do so—a very different thing.

[5] 5. However, as to the damages arising during the additional year, it is seriously and earnestly insisted that no recovery can be had, because, when the Company obeyed orders and went on and did the work it was allowed to do, it knew well enough that it would not be permitted to do any repair work, and great reliance is placed upon Bowers Hydraulic Co. v. U. S., 211 U. S. 176, 184, 29 Sup. Ct. 77, 53 L. Ed. 136, wherein it was held that, under a dredging contract containing an ambiguous phrase descriptive of the material to be removed by the contractor, the contractor, when he renewed the contract, was bound by the construction which he knew the government had placed and would place upon the language. But that is not this case at all. Here there was no ambiguity in the language of the contract. The contractor, the Company, did indeed know that the District had been breaking its contract during the previous period, and so it notified the District that if it continued to break the contract it would be asked to pay damages. And even if the subject had been dropped there, it might well have been said that the District had assented to the notice thus given by the Company. But the Company's position is greatly strengthened by the fact that even after that notice from the Company the District accepted the Company's bond covering the contract in its old terms. In such circumstances, how can the District be heard to say that the extension did not cover the repair work?

We think there was no error in the judgment, and it is therefore affirmed.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.